# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA HAMZEY,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER HEALTHCARE LLC; BERLEX LABORATORIES INTERNATIONAL INC.; BAYER SCHERING PHARMA AG; BAYER AG; SCHERING AG; McKESSON CORPORATION,<br><br>　　　　　　　　　Defendants. | CASE NO. 10cv0526 JM(CAB)<br><br>ORDER DENYING MOTION TO STAY; GRANTING MOTION TO REMAND; DENYING REQUEST FOR COSTS AND FEES |

   Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively "Bayer") move to stay this proceeding pending transfer by the Judicial Panel on Multidistrict Litigation ("JPMDL") to MDL 2100. Plaintiff Paula Hamzey opposes the motion to stay and separately moves to remand this action to state court and requests an award of fees and costs associated with the filing of the motion to remand this action. Bayer and McKesson Corporation ("McKesson") oppose the motion to remand. Defendants Berlex Laboratories International, Bayer Schering Pharma AG, Bayer AG, and Schering AG have not filed a response to the motions. For the reasons set forth below, the court denies the motion to stay, grants the motion to remand, and denies the motion for an award of fees and costs.

**BACKGROUND**

On December 24, 2009, Plaintiff commenced this personal injury action in the Superior Court of California, County of San Diego. (Notice of Removal ¶1). The complaint alleges ten state law causes of action arising from the central allegation that Plaintiff's injuries were caused by her use of Yasmin, a prescription medication manufactured by Bayer and distributed by McKesson in California. (Weitz Decl. ¶3). Plaintiff alleges that use of the oral contraceptive Yaz/Yasmin caused, among other things, pancreatitis and gallbladder disease.[1]

On March 11, 2010, Bayer removed the action to this court based upon diversity jurisdiction under 28 U.S.C. §1332. In order to allege diversity jurisdiction, Bayer argues that McKesson, a California citizen with its principal place of business in California, was fraudulently joined as a Defendant to prevent the court from exercising removal jurisdiction over the action. (Notice of Removal ¶15). Defendants Berlex Laboratories International Inc., Bayer Schering Pharma AG, Bayer AG and Schering AG have yet to be served, id. ¶7, and therefore have not taken any position with respect to removal. The only other defendant, McKesson, joins in the Notice of Removal.  Id. ¶6.

Allegations concerning the marketing, sales practices, and products liability issues are subject to both federal and state consolidated proceedings. On October 1, 2009, the JPMDL ordered the transfer of the Yasmin related actions pending in federal court to the In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation, MDL NO. 2100, pending in the United States District Court for the Southern District of Illinois. On March 16, 2010 the Bayer Defendants filed with the JPMDL a notice identifying this action as a tag-along action and on April 1, 2010 this court received a conditional transfer order to the JPMDL panel. Plaintiff opposes transfer to the JPMDL. Until the receipt of the final transfer order, this court retains jurisdiction to decide all issues.

On January 11, 2010 the "Yaz, Yasmin and Ocella Contraceptive Cases" were coordinated by the state of California JCCP and assigned to Judge Carolyn Kuhl, Los Angles County Superior Court. According to Plaintiff, coordinated state judicial efforts have also commenced in New Jersey and

---

[1] Plaintiff alleges causes of action for negligence, strict products liability, breach of warranty, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and fraud.

1 Pennsylvania.

2 Bayer moves to stay this action pending transfer to the MDL and Plaintiff moves to remand
3 the action to state court where it will be coordinated with "hundreds of other actions already
4 coordinated in the State of California." (Motion to Remand at pp. 1:21 - 2:1).

## DISCUSSION

**The Motion to Stay**

7 Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred
8 upon them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976);
9 Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Notwithstanding, a stay is an
10 extraordinary remedy to be granted sparingly where the applicant makes a strong showing of success
11 on the merits and demonstrates an irreparable injury. See Hilton v. Braunskill, 481 U.S. 770, 776
12 (1987). The court also considers injuries to other interested parties and the public interest. Id.

13 In so many words, Bayer argues that it is in the interests of wise judicial administration to stay
14 this action. Bayer argues that a stay will advance the purposes of the MDL, further judicial economy,
15 eliminate the potential for conflicting pretrial rulings, "ensure that this action proceeds in an orderly,
16 coordinated fashion under the direction of the MDL Court and will facilitate the MDL's efficient,
17 uniform resolution of pretrial issues common to all coordinated Yasmin/YAZ cases." (Motion to Stay
18 at p.3:18-20). Bayer also cites several district court cases in the Northern and Central Districts of
19 California that have stayed similar actions under nearly identical circumstances pending transfer to
20 the MDL panel. While appealing, Bayer's arguments give short shrift to the court's subject matter
21 jurisdiction.

22 Bayer seeks to stay this action prior to the court deciding the threshold issue of the court's
23 subject matter jurisdiction. Federal courts are courts of limited jurisdiction. "Without jurisdiction
24 the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it
25 ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing
26 the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte
27 McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under
28 a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte

1  whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,
2  429 U.S. 274, 278 (1977) (citations omitted).
3       Here, for the below-stated reasons, the court concludes that it lacks subject matter jurisdiction.
4  Accordingly, the court lacks the power to grant the relief requested by Bayer.  The only option
5  available to this court is to remand the action to state court.
6  **The Motion to Remand**
7       A civil action brought in state court may be removed to federal court by a defendant when
8  federal courts have original jurisdiction over the matter. 28 U.S.C. § 1441. Where jurisdiction is based
9  upon diversity of citizenship, joinder of a non-diverse defendant is deemed fraudulent, and the
10 defendant's presence in the lawsuit is ignored, for purposes of determining diversity "[i]f the plaintiff
11 fails to state a cause of action against a resident defendant, and the failure is obvious according to the
12 settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[T]he
13 question is simply whether there is any possibility that plaintiff will be able to establish liability
14 against the party in question." Briano v. Conseco Life Ins. Co., 126 F.Supp.2d 1293, 1296 (C.D. Cal.
15 2000).  The party who invokes federal removal jurisdiction has the burden of demonstrating the
16 existence of federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc.
17 v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).  In determining whether joinder is fraudulent,
18 the court considers the complaint, facts identified in the Notice of Removal and any pertinent
19 affidavits or declarations submitted by the removing party or in rebuttal. See Ritchey v. Upjohn Drug
20 Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Any doubts regarding removal jurisdiction are construed
21 against removal and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566.
22      The Complaint alleges that McKesson
23     was engaged in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging,
24     inspecting, labeling, selling and/or warranting Yasmin/Yaz in the State of California.
25 (Compl. ¶13). Further, Plaintiff alleges that McKesson participated in, authorized and directed the
26 production and promotion of Yasmin and that it knew, or should have known, of the increased risk
27 of serious adverse effects.  (Compl. ¶32).  Plaintiff also alleges that McKesson failed to properly
28 disclose risks associated with Yazmin, (Compl. ¶50), and that it failed to properly warn of such risks.

1  (Compl. ¶52). McKesson also represents that it purchases Yazmin from Bayer and that it distributes
2  the medication to pharmacies, which then sell it to consumers. (Yonko Decl. ¶5). Further, Plaintiff's
3  counsel declares that McKesson "is the only California distributor of Yaz/Yasmin of which plaintiff
4  and her counsel are aware." (Zukin Decl. ¶3).

5  Bayer argues that McKesson was fraudulently joined because (1) there is no allegation that
6  Plaintiff actually purchased the medication distributed by McKesson and (2) there is no reasonable
7  probability that a mere distributor of prescription medications could be held liable under California
8  law for Plaintiff's injuries. These arguments are insufficient to establish that McKesson was
9  fraudulently joined as a defendant. First, there is a legitimate inference that Plaintiff, a citizen of
10 California, purchased Yazmin from the distributor of Yazmin in the state of California, McKesson.
11 As noted by Bayer, Plaintiff's complaint is not a model of clarity as it makes numerous group and
12 conclusory pleading allegations. (Compl. ¶¶33-42, 58, 61-66, 77, 83). However, Plaintiff adequately
13 sets forth a factual basis for her claim that the prescription medication consumed by Plaintiff was
14 distributed by McKesson. Further, Bayer acknowledges that "McKesson purchases Yasmin and then
15 sells the medication to pharmacies," (Oppo at p.1:13 - 15). Discovery will permit the parties to
16 determine the contours of the distribution channel. Consequently, this argument is not persuasive.[2]

17 Second, virtually every court that has considered the precise legal issue now before the court
18 has concluded that California state law recognizes a products claim against a distributor. The general
19 rule in California is that both manufacturers and distributors are strictly liable for injuries caused by
20 a defective product. Maher v. Novartis Pharmaceuticals Corp., 2007 U.S. Dist Lexis 58984 at *7-8
21 (citing Bostick v. Flex Equipment Co., 147 Cal.App.4th 80, 88 (2007)); Black v. Merck & Co. Inc.,

---

[2] On May 16, 2010 Bayer submitted a recent additional authority to the court. In Jankins v. Bayer Corp., Case MP/ 10-cv-20095-DRH-PMF, (S.D. Ill, May 14, 2010) the district court found that the complaint at issue there failed to adequately allege that the plaintiff purchased the Yaz/Yasmin from McKesson. (Docket No. 30). The district court then found McKesson fraudulently joined and denied the motion to remand. As set forth above, based upon the complaint's allegations, the Notice of Removal, the evidence submitted by the parties and construing the complaint in the light most favorable to the plaintiff, Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996), and accepting as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992), the court cannot conclude that it is "obvious" that Plaintiff fails to state a claim against McKesson. Moreover, like here, any doubts concerning diversity are construed against the exercise of jurisdiction and in favor of remand. Gaus, 980 F.2d at 566.

U.S. District LEXIS 29860 at*10 (C.D. Cal. 2004) (strict liability for failure to warn extends beyond manufacturers to retailers and wholesalers); Andrews v. Bayer Corp.., Case No. CV 09-08762 DDP (FFMx); Holland v. Bayer Corp, CASE No. SACV 09-1350 DOC (RNBx) (finding that Bayer fails to demonstrate that McKesson is fraudulently joined); Mandernach v. Bayer Corp, Case No. 5:09-cv-02306 JHN (Opx) (same); Grove v. Bayer Corp, Case No. SADV 09-1509 AG (MLGx).

In Maher v. Novartis Pharmaceuticals Corp., No. 07cv0852 WQH (JMA), Judge Hayes granted the plaintiff's motion to remand an action commenced against a pharmaceutical manufacturer and its distributor, McKesson. The court noted the general rule in California that distributors and other "participants in the chain of distribution" are strictly liable in defective products cases. Bostick v. Flex Equipment Co., 147 Cal. App.4th 80, 88 (2007). The court then noted:

> This court has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases. This court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations of this case.

LEXIS U.S. Dist., Lexis 58984 at *12.

While eleven district court cases have remanded improvidently removed actions involving Yaz/Yasmin where McKesson was a named Defendant, see Cases Cited Reply at p.2:7-16, one district court case found distributors could not be held strictly liable under the Restatement (Second) of Torts §402A.. Skinner v. Warner Lambert Co., 2003 WL 2558915 (C.D. Cal. 2005). The court concludes that this single authority is insufficient to firmly establish that there is no basis for a claim against McKesson.

In light of the authorities cited, the court cannot conclude that there is no basis to state a cause of action against McKesson for distributor liability under well-established state law. Under these circumstances, the court remands the action to state court.

**Motion for Costs and Fees**

Plaintiff moves for an award of costs and fees associated with this motion to remand. "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the court denies the motion for an award of costs and fees because several courts have

1 granted motions to stay in actions of similar procedural posture and at least one court has
2 acknowledged that McKesson was a fraudulently joined defendant. Skinner v. Warner Lambert Co.,
3 2003 WL 2558915 (C.D.Cal. 2005).

In sum, the court grants the motion to remand for lack of subject matter jurisdiction, denies the motion to stay, and denies the motion for costs and fees.

**IT IS SO ORDERED.**

DATED: May 18, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties